## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWIN GEOCANNI MENENDEZ ORDONEZ, <br><br> Petitioner, <br><br> v. <br><br> J.L. JAMISON, *et al.*, <br><br> Respondents. | CIVIL ACTION NO.  26-1683 |

### MEMORANDUM OPINION

**Rufe, J.**                                                                **March 19, 2026**

On or about March 12, 2026, Petitioner Edwin Geocanni Menendez Ordonez, a citizen of

Guatemala, was detained by the Department of Homeland Security ("DHS") under the

Immigration and Nationality Act ("INA"). He promptly filed a 28 U.S.C. § 2241 petition,

arguing that his prolonged detention without a bond hearing rests upon an unlawful interpretation

of 8 U.S.C. § 1225(b)(2), violates the Administrative Procedures Act ("APA"), and denies him

due process.[1] The Court agrees that Menendez Ordonez cannot be subject to mandatory detention

under 8 U.S.C. § 1225(b)(2) because of his long-established residence in the United States.

Consistent with hundreds of other rulings in this District,[2] Menendez Ordonez's petition will be

granted.

---

[1] Petition [Doc. No. 1].

[2] *See, e.g., Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025) (noting that, as of November 18, 2025, 282 of 288 district court decisions had found that the application of § 1225(b)(2) to noncitizens residing in the United States is unlawful); *Cantu-Cortes v. O'Neill*, No. 25-6338, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025)*; Kashranov v. Jamison*, No. 25-5555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025)*; Ndiaye v. Jamison*, No. 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025)*; Patel v. McShane*, No. 25-5975, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025); *Centeno Ibarra v. Warden of the Fed. Det. Ctr. Phila.*, No. 25-6312, 2025 WL 3294726 (E.D. Pa. Nov. 25, 2025)*; Flores Obando v. Bondi*, No. 25-6474, 2025 WL 3452047 (E.D. Pa. Dec. 1, 2025)*; Yilmaz v. Warden of the Fed. Det. Ctr. Phila.*, No. 25-6572, 2025 WL 3459484 (E.D. Pa. Dec. 2, 2025); *Conde v. Jamison*, No. 25-6551, 2025 WL 3499256 (E.D. Pa. Dec. 5, 2025); *Bhatia v. O'Neill*, No. 25-6809, 2025 WL 3530075 (E.D. Pa. Dec. 9, 2025); *Anirudh v. McShane*, No. 25-6458, 2025 WL 3527528 (E.D. Pa. Dec. 9, 2025); *Picon v. O'Neill*, No. 25-6731, 2025 WL 3634212 (E.D. Pa. Dec. 15, 2025). There have been a multitude of

## I.    BACKGROUND

Menendez Ordonez is a native of Guatemala who arrived in the United States without inspection in 2003.[3] Before the sudden detention that gave rise to this case, Menendez Ordonez had been living in New Jersey, where he had a spouse and child as well as a job in construction.[4] On or about March 12, 2026, DHS detained Menendez Ordonez as he was leaving a Home Depot store in his vehicle.[5] He is currently being held at the Philadelphia Federal Detention Center ("FDC") and has not been provided a bond hearing.[6]

On March 13, 2026, DHS initiated removal proceedings against Menendez Ordonez by filing a Notice to Appear charging him with having entered the United States without admission or parole.[7] According to automated case information provided by the Executive Office for Immigration Review ("EOIR"), Menendez Ordonez's next immigration hearing is scheduled on March 23, 2026, at 1:30 p.m.[8]

As alleged in the petition, Menendez Ordonez's detention is the product of the Board of Immigration Appeals ("BIA") decision, *Matter of Yajure Hurtado*.[9] In *Hurtado*, the BIA adopted an interpretation of 8 U.S.C. § 1225(b)(2) under which individuals "residing in the United States

---

additional decisions ruling against the government since. *See, e.g.*, *Kanaut v. Rose*, No. 25-6869, 2026 WL 36690 (E.D. Pa. Jan. 6, 2026); *Francois v. Noem*, No. 25-7334, 2026 WL 27565 (E.D. Pa. Jan. 5, 2026); *Lara Cordon v. Jamison*, No. 25-6937, 2025 WL 3756948 (E.D. Pa. Dec. 29, 2025); *Kumar v. McShane*, No. 25-6238, 2025 WL 3722005 (E.D. Pa. Dec. 23, 2025); *Alekseev v. Warden, Phila. Fed. Det. Ctr.*, No. 26-0462, 2026 WL 413439, at *1 (E.D. Pa. Feb. 13, 2026) (identifying that all 201 decisions in this District have rejected the government's position).

[3] Petition ¶¶ 1, 24 [Doc. No. 1].

[4] *Id.* ¶¶ 1, 25.

[5] *Id.* ¶ 2.

[6] *Id.* ¶¶ 2, 27.

[7] Notice to Appear [Doc. No. 1-3].

[8] EOIR Automated Case Information [Doc. No. 1-4]; Petition ¶ 26 [Doc. No. 1].

[9] 29 I & N. Dec. 216 (B.I.A. 2025); Petition ¶¶ 3, 22, 34 [Doc. No. 1].

for years without lawful stats" are "subject to mandatory detention," and thereby ineligible for bond hearings.[10]

On March 16, 2026, Menendez Ordonez petitioned for a writ of habeas corpus under 28 U.S.C. § 2241.[11] Consistent with its established practice for recent cases involving individuals detained by ICE 8 U.S.C. § 1225(b)(2), this Court ordered the government to show cause why Menendez Ordonez's petition should not be granted.[12] It also scheduled a show cause hearing.[13] By stipulation of the parties, the Court cancelled the show cause hearing and resolved to decide the case on the papers, as the parties requested.[14]

## II.    LEGAL STANDARD

Federal district courts are authorized to grant a § 2241 motion where the petitioner is detained "in violation of the Constitution or laws or treaties of the United States."[15] It is the petitioner's burden to show that the detention violates the Constitution or federal law.[16]

## III.    DISCUSSION

Although the government does not contest reviewability, the Court notes that it has jurisdiction to review Menendez Ordonez's petition because the INA's jurisdiction-stripping statutes do not apply.[17]

---

[10] 29 I & N. Dec. 216 at 220.

[11] Petition [Doc. No. 1].

[12] 3/16/26 Order [Doc. No. 3].

[13] 3/16/26 Order [Doc. No. 3].

[14] 3/18/26 Stipulation and Order [Doc. No. 10].

[15] 28 U.S.C. § 2241(c)(3); *Demore v. Kim*, 538 U.S. 510, 523 (2003) ("[T]he Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." (citations and quotation marks omitted)).

[16] *See Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972).

[17] *See* 8 U.S.C. § 1252(g), 8 U.S.C. § 1252(a)(2)(B)(ii), and 8 U.S.C. § 1252(b)(9). These jurisdiction-stripping statutes are inapplicable because Menendez Ordonez "challenges his detention rather than the initiation of removal proceedings, because [Menendez Ordonez] cannot obtain relief for his detention following a final order regarding

The central merits question in this case is whether the mandatory detention provided for in 8 U.S.C. § 1225(b)(2) extends to noncitizens who, despite not being admitted or paroled, have resided in the United States for an extended period. As the parties acknowledge, courts in this District have confronted this question repeatedly and exhaustively.[18] On all occasions, the decisions rendered in this District have rejected *Hurtado* and found that the application of 8 U.S.C. § 1225(b)(2) to noncitizens residing in the United States is unlawful.[19] Even so, "[t]his Court considers each case on an *ad hoc* basis, and its rulings turn on the facts of each case at issue."[20]

The government relies on the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*[21] in arguing that a noncitizen qualifies as an "applicant for admission" who is "seeking admission" because he desires to remain in the United States.[22] However, the Court need not defer to, and indeed rejects, the reasoning of *Buenrostro-Mendez*. In applying the tools of statutory interpretation, the Court reads § 1225(b)(2) narrowly. The unambiguous plain meaning of an "applicant for admission" who is "seeking admission" is a noncitizen at a port of entry seeking to cross into the United States, not one who has already resided in the United States.[23] The phrase "seeking admission" connotes present, ongoing action. "Because some affirmative, present action is required, this phrase cannot apply to all noncitizens already residing in the United

---

removal, and because [Menendez Ordonez's] detention is not the byproduct of a discretionary determination." *Yilmaz*, 2025 WL 3459484, at *2.

[18] Petition at 2 [Doc. No. 1]; Gov. Answer at 5 [Doc. No. 5].

[19] Petition at 2 [Doc. No. 1]; Gov. Answer at 5 [Doc. No. 5]. *See supra* n.1.

[20] *Diallo v. Bondi*, No. 25-7421, 2026 WL 36534, at *2 (E.D. Pa. Jan. 6, 2026).

[21] 166 F.4th 494 (5th Cir. 2026).

[22] *See* Gov. Response at 5 [Doc. No. 5].

[23] *See Yilmaz*, 2025 WL 3459484, at *3; *Centeno Ibarra*, 2025 WL 3294726, at *5.

States."[24] The Fifth Circuit's reasoning is therefore inconsistent with the plain meaning of 8 U.S.C. § 1225(b)(2). Instead, "the detention of noncitizens like [Menendez Ordonez] who have been long-present in the United States is governed by § 1226(a), which entitles them to a bond hearing before continued detention is permitted."[25]

Section 1226(a)'s predominance over § 1225 is further supported by the rule against superfluity. "[E]very clause and word of a statute should have meaning," and "no clause, sentence, or word shall be superfluous, void, or insignificant."[26] If "an applicant seeking admission" is the same as "an applicant for admission," then "seeking admission" is superfluous. Congress's "'choice of words is presumed to be deliberate' and deserving of judicial respect."[27] Therefore, this Court must find that "seeking admission" has some additional meaning—namely, that the applicant's effort to be admitted into the United States must be continually occurring and aimed at achieving a new outcome.

Further, Congress recently adopted provisions in § 1226 that would be superfluous under the government's interpretation. These provisions demand that a noncitizen be detained without a bond hearing if he enters the country illegally and is subsequently convicted or charged with certain crimes.[28] "Under the government's interpretation, § 1225 would require such mandatory detention regardless of criminal charges or convictions.

---

[24] *Centeno Ibarra*, 2025 WL 3294726, at \*5.

[25] *Yilmaz*, 2025 WL 3459484, at \*3; *see also Centeno Ibarra*, 2025 WL 3294726, at \*4-7; 8 C.F.R. § 1236.1(c)(8), (d)(1) (stating that bond is available to noncitizens detained under § 1226(a) and that "the immigration judge is authorized to exercise the authority . . . to detain the [noncitizen] in custody, release the [noncitizen], and determine the amount of bond").

[26] *United States ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 432 (2023) (internal quotation marks omitted).

[27] *SAS Inst., Inc. v. Iancu*, 584 U.S. 357, 364 (2018) (quoting *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 353 (2013)).

[28] 8 U.S.C. §§ 1226(c)(1)(B), 1227(a)(2)(A)(iii) (requiring that a noncitizen who is deportable because of an aggravated felony be detained); Laken Riley Act, Pub. L. No. 119-1 § 2, 139 Stat. 3, 3 (2025); 8 U.S.C. §

In sum, then, Menendez Ordonez may be detained under the INA only if, pursuant to § 1226(a) and the applicable regulations, he receives a bond hearing and the facts show that he poses a risk of flight or harm to the community.[29] The government does not argue that Menendez Ordonez is either likely to flee or otherwise dangerous, and the record does not reveal any such risk. To the contrary, Menendez Ordonez, who arrived in the United States more than twenty years ago, has maintained employment in construction and has a spouse and child in New Jersey.[30]  For those reasons, a bond hearing is unnecessary, and the Court will order Menendez Ordonez's immediate release.[31]

Because Menendez Ordonez's detention without a bond hearing violates the INA, the Court need not reach his APA and due process arguments.

## IV.   CONCLUSION

For the foregoing reasons, the DHS had no legal authority to mandatorily detain Ramirez without a bond hearing under 8 U.S.C. § 1225(b)(2). Accordingly, the Court will grant his petition. An order will follow.

---

1226(c)(1)(E) (requiring mandatory detention of inadmissible noncitizens who have been charged with or convicted of certain crimes including burglary).

[29] *See Yilmaz*, 2025 WL 3459484, at *3; *Centeno Ibarra*, 2025 WL 3294726, at *4, *8 n.69; 8 C.F.R. § 1236.1(c)(8), (d)(1).

[30] *Id.* ¶¶ 1, 25.

[31] *See Karshranov*, 2025 WL 3188399, at *8 ("[A] habeas court has 'the power to order the conditional release of an individual unlawfully detained—though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted.'" (quoting *Boumediene v. Bush*, 553 U.S. 723, 779 (2008))).